IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI

USDC No. 4:20cv143-DMB-JMV

**KENNETH GREGORY**      **PLAINTIFF**

FILED
JUL 13 2020
CAROLYN P. HAMILTON
BY_____ D.C.

VS      CIVIL ACTION NO. 2020-0303

**WAL-MART STORES EAST, L.P.**      **DEFENDANTS**
**SAVANT HARRIS AND SERGIO SPENCER**
**XYZ CORP 1-10 and JOHN DOES 1-10**

*Jury Trial Demanded*

## COMPLAINT

COMES NOW the Plaintiff, Kenneth Gregory, and in support of this his Complaint for damages against the Defendants, respectfully alleges the following:

### PARTIES

1. Plaintiff is an adult resident citizen of Belzoni County, Mississippi.

2. Defendant Wal-Mart Stores East, LP, (hereinafter "Defendant") is an Arkansas corporation. It may be served with process by its registered agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS.

3. Defendant, Savant Harris, was the manager of the premises during all relevant times alleged herein and is an adult resident citizen of the State of Mississippi, and may be served with process at 633 US-82, Indianola, MS 38751.

4. Defendant, Sergio Spencer, was an employee under the employ of the Defendant on the premises during all relevant times alleged herein and is an adult resident citizen of the State of Mississippi, and may be served with process at 633 US-82, Indianola, MS 38751.

5. XYZ Corporations 1-10 (Defendants) and John Does 1-10 (Defendants) are fictitious and unknown parties who may be responsible parties whose negligent acts caused or

contributed to the Plaintiff's injuries. The identity of this party or the identities of these parties are unknown at this time and can only be ascertained through the use of judicial mechanisms such as discovery. Upon learning the identity of this party or parties, the Plaintiff may substitute it/them for the fictitious parties under Rule 9(h). Alternatively, in the event that the Plaintiff has sued the wrong party and is required to change parties, such amendment will be made in accordance with Rule 15(c).

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over the parties.

7. This Court has subject matter jurisdiction of this cause pursuant to Article VI, § 156 of the Mississippi Constitution of 1890.

8. Venue is proper in the County Court of Sunflower County, Mississippi, pursuant to Miss. Code Ann. § 11-11-3, as same is where the cause of action sued upon occurred or accrued and is where at least one of the named Defendants may be located.

## STATEMENT OF FACTS

9. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

10. On April 30, 2019, the Plaintiff, while an invitee on the business premises of Wal-Mart Stores, East, L.P., Store #347, which is located within the jurisdiction of this Court, wherein he sustained bodily injuries due to the existence of a hazardous condition on the premises.

11. More specifically, the Plaintiff, while removing tools on a rack display in the home and garden department, sustained bodily injuries when the rack fell on his arm.

12. That the tools and rack as constructed and displayed, constituted a hazardous condition on the premises that caused the Plaintiff's fall.

13. At all relevant times alleged herein, the Defendant, by and through its employees,

exercised control or *de facto* control of the premises where it created the hazardous condition and the Plaintiff sustained bodily injuries.

14. At all times referenced herein, the individual that created the hazardous condition or had actual or constructive knowledge of the hazardous condition and failed to remedy same was an employee of the Defendant and was acting within the course and scope of his or her employment on behalf of the Defendants. Therefore, the Defendants are vicariously liable for the tortuous acts of said employee via the legal theory of *respondeat superior*.

15. Plaintiff would show that said hazardous condition was common and well known to the Defendants and no preventative or timely remedial action was taken to remedy same.

16. Defendants, acting through its employees, created the hazardous condition by negligently performing work on the premises as aforesaid.

17. That the Defendant, at all relevant times alleged herein, by and through its employees' knowledge or by personal knowledge, either knew or should have known of the hazardous condition before and at its inception, or within the exercise of reasonable diligence and its duty to inspect the premises, knew or should have known of said hazardous condition and failed to remedy the hazardous condition, failed to warn the Plaintiff of said hazardous condition, and/or failed to maintains its workplace in a reasonably safe condition.

## CAUSES OF ACTION

### Count I: Negligence

18. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

19. That the Defendant and its employees were under a duty to exercise reasonable care to ensure that its business activities on the premises did not cause harm to foreseeable invitees on the premises such as the Plaintiff.

20. Defendant breached the duty of ordinary and reasonable care by failing to adequately perform the work in a reasonably safe manner, and safely conduct inspections in conformity with industry standards and negligently failed to maintain the premises in a reasonably safe condition for foreseeable patrons such as the Plaintiff which proximately caused the aforesaid hazardous conditions. The aforesaid negligent acts of the Defendant proximately caused the Plaintiff's resulting bodily injuries and damages.

## Count II: Premises Liability

21. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

22. Defendants, at pertinent times alleged herein, were under a duty to refrain from creating hazardous conditions, to remedy any all hazards in which it created or has notice thereof, to and to warn of any hazardous conditions that it creates or shares responsibility therefore.

23. The Defendants were under a duty to perform its work in a reasonably safe manner and to maintain the premises in a reasonably safe condition and to warn the Plaintiff of perils of which they knew or should have known in the exercise of reasonable care, and the finding of reasonably discoverable conditions which may be dangerous and correct them, or to warn the Plaintiff thereof.

24. Defendant breached these duties by creating the hazardous condition, failing to correct or warn of the hazardous condition, failing to perform their duties in a reasonably safe manner in accordance with preventative industry standards, failing to maintain the premises in which it performed work in a reasonably safe condition, failing to exercise reasonable care and/or conduct reasonable inspections to ascertain said hazardous condition; and failing to otherwise remedy said hazardous condition despite actual or constructive notice thereof.

25. Defendant's breach of these duties was a proximate and contributing cause and/or concurrent cause of the accident and the resulting injuries to the Plaintiff.

### DIRECT NEGLIGENCE OF MANAGER AND EMPLOYEE DEFENDANTS

26. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

27. Defendant managers named herein, the persons in charge of the premises and those working within the department which was the site of the occurrence, were guilty of the following negligent acts and/or omissions either at the time of or prior to the occurrence which forms the basis of this Complaint:

   a. Failing to have in place an effective, systematic and tool rack installation, inspection and maintenance program.

   b. Failing to properly train their employees in tool rack installation, display and maintenance;

   c. Failing to warn of and/or prevent or remedy the hazardous condition by securing or otherwise restricting access to tools on display that cannot be removed safely by the patron which caused despite having knowledge of the condition prior to the subject incident;

   d. Failing to exercise reasonable care to ensure that patrons did not sustain injuries on their premises by alerting managerial staff or other supervisors of the hazardous nature of the condition;

   e. Negligent installation and display of the rack and tools when reasonably safe methods were available;

   e. Other negligent acts and/or omissions.

28. The Defendants' breach of these duties was a proximate and contributing cause and/or concurrent cause of the accident and the resulting injuries to the Plaintiff.

29. As a further direct and proximate cause of Defendants' disregard for plaintiff's safety and well-being and other negligent acts, Plaintiff suffered serious injuries and incurred substantial damages in the amount to be determined by the Court. These damages include, but

are not limited to the following:

    a. past, present and future medical expenses;

    b. past, present and future physical pain and suffering;

    c. past, present and future mental and emotional distress;

    d. inconvenience and discomfort;

    e. past, present and future lost wages and permanent loss of wage earning capacity;

    f. permanent disability and impairment;

    g. any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants for actual and compensatory damages in an amount to be determined by the jury.

Respectfully submitted, this the 10TH day of July, 2020.

                        KENNETH GREGORY, PLAINTIFF

                  By: _____
                            Yancy B. Burns

YANCY B. BURNS, Esq.
Mississippi Bar No. 99128
*Burns & Associates, PLLC*
Post Office Box 16409
Jackson, Mississippi 39236-6409
Telephone: (601) 487-6997
Facsimile: (601) 487-6958