IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH GREGORY**                                                                                              **PLAINTIFF**

V.                                                                                                       NO. 4:20-CV-143-DMB-JMV

**WAL-MART STORES EAST, L.P.;**
**SAVANT HARRIS; SERGIO SPENCER;**
**XYZ CORP 1-10; and JOHN DOES 1-10**                                                        **DEFENDANTS**

## ORDER REMANDING CASE

Kenneth Gregory commenced this action in state court against Wal-Mart, its manager, and one of its employees, alleging he was injured on the premises of the Indianola Wal-Mart store due to their negligence. After Wal-Mart removed the case on grounds that the nondiverse individual defendants were improperly joined, Gregory filed a motion to remand. Because Gregory's complaint sufficiently states a claim against at least one of the nondiverse individual defendants, complete diversity is lacking and remand will be granted.

**I**
**Procedural History**

On July 13, 2020, Kenneth Gregory filed a complaint in the Circuit Court of Sunflower County, Mississippi, against Wal-Mart Stores East, L.P., Savant Harris, Sergio Spencer, "XYZ Corp 1-10," and "John Does 1-10," alleging that he, as a business invitee, was injured by a hazardous condition on the premises of the Wal-Mart location in Indianola, Mississippi. Doc. #2. Wal-Mart, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on August 17, 2020. Doc. #1 at 2. The notice of removal alleges that Wal-Mart is a "resident of the States of Delaware and Arkansas;"[1] Gregory is a citizen

---

[1] The removal notice states that Wal-Mart is a limited partnership organized in Delaware; its sole general partner is WSE Management, LLC; its sole limited partner is WSE Investment, LLC; and both WSE Management and WSE

of Mississippi; and, because Harris and Spencer[2] were both "named improperly in an attempt to defeat jurisdiction of the federal court," their citizenship "should be disregarded for jurisdictional purposes." *Id.* at 2–3.

On August 21, 2020, Gregory filed a motion to remand this case to state court. Doc. #7.[3] The defendants responded in opposition, Doc. #9, and Gregory replied, Doc. #10.

## II
## Removal and Remand

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

Investment are Delaware limited liability companies. Doc. #1 at 2. It further states that the sole member of both WSE Management and WSE Investment is Wal-Mart Stores East, LLC, an Arkansas limited liability company. *Id.* Rather than identifying the members of Wal-Mart Stores East, LLC or their citizenship, the notice states that "Walmart, Inc. Is [sic] the parent corporation of such entities" and is a Delaware corporation with a principal place of business in Arkansas. *Id.* This statement, however, does not specify whether Walmart, Inc. is a member of Wal-Mart Stores East, LLC or whether there are other members whose citizenship must be considered in determining whether diversity jurisdiction exists. *Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) ("The citizenship of an LLC is determined by the citizenship of all of its members. So, to establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC."). Wal-Mart thus has not properly alleged diversity jurisdiction. To the extent it cannot do so, remand of this case to state court is further justified.

[2] The complaint alleges that Harris and Spencer are Mississippi citizens. Doc. #2 at PageID #14.

[3] In violation of the Local Rules, Gregory included his legal arguments in the body of the motion and did not file a separate memorandum brief. Doc. #7.

III
Analysis

Diversity jurisdiction requires that there be (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

The parties do not dispute that the amount in controversy here exceeds $75,000. But Wal-Mart asserts that diversity exists because Harris and Spencer were improperly joined.[4] Doc. #1 at 2. Gregory claims that Harris and Spencer were not improperly joined because he asserts "separate and distinct allegations" against them, and their presence in the action destroys complete diversity. Doc. #7 at PageID ##36–37.

### A. Improper Joinder Doctrine

Improper joinder represents a "narrow exception" to the rule of complete diversity. *Vaillancourt*, 771 F.3d at 847. Under the doctrine, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party … has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (emphasis omitted). "On a motion to remand, the burden of persuasion is on the party claiming improper joinder." *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219–20 (5th Cir. 2018).

---

[4] Wal-Mart also asserts that the individual defendants' citizenship should be disregarded as they have not been served with process in this action. Doc. #1 at 3. However, "[i]t is well-established that the existence of diversity is determined based on the citizenship of the named parties and not the fact of service." *Reynolds v. Pers. Representative of the Estate of Johnson*, 139 F. Supp. 3d 838, 842 (W.D. Tex. 2015) (citing *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998)).

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[5] *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017). Only the second inquiry is implicated here. Under the second approach, "the defendant must demonstrate that there is no possibility of recovery against the in-state or non-diverse defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state or non-diverse defendant." *Id.* (cleaned up).

To determine whether there is a possibility of recovery, "[t]he Court should apply a Federal Rule of Civil Procedure 12(b)(6) standard; if the complaint is sufficient to state a claim, there is no improper joinder." *Cumpian*, 910 F.3d at 220. "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Wilson v. Hous. Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (internal quotation marks omitted). If a complaint alleges a claim that satisfies this standard "but has misstated or omitted discrete facts that would determine the propriety of joinder[,] the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Cumpian*, 910 F.3d at 220 (quoting *Smallwood*, 385 F.3d at 573) (cleaned up).

### B. 12(b)(6) Inquiry

The complaint's allegations are fairly straightforward. At all relevant times, Harris was the manager and Spencer was an employee of the Indianola Wal-Mart. Doc. #2 at PageID #14. On April 30, 2019, Gregory, while an invitee on Wal-Mart's premises, removed tools on a rack

---

[5] While case law uses both the terms "improper" and "fraudulent" joinder, "'improper joinder' is preferred." *Smallwood*, 385 F.3d at 571 n.1.

display in the home and garden department. *Id.* at PageID #15. The tools and rack were "constructed and displayed" in a way that created a dangerous condition that "was common and well known to the Defendants." *Id.* at PageID ##15–16. The rack fell onto Gregory's arm, causing him bodily injuries. *Id.* at 15.

Based on these allegations, Gregory asserts negligence and premises liability claims but does not specify whether the claims are against Wal-Mart, the individual defendants, or all of them. *Id.* at PageID ##16–18. Under a separate heading titled, "Direct Negligence of Manager and Employee Defendants," Gregory asserts that "Defendant managers," as "the persons in charge of the premises and those working within the department which was the site of the occurrence": (1) failed to "have in place an effective, systematic and tool rack installation, inspection and maintenance program;" (2) failed to "properly train their employees in tool rack installation, display and maintenance;" (3) failed to "warn of and/or prevent or remedy the hazardous condition … despite having knowledge of the condition;" (4) failed to "exercise reasonable care" with respect to customers; (5) negligently installed the display rack; and (6) committed other unspecified negligent acts and omissions. Doc. #2 at PageID #18.

> Under Mississippi law,
>
> the owner, occupant or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning the invitee of dangerous conditions not readily apparent which the owner knows or should know of in the exercise of reasonable care.

*Mayfield v. The Hairbender*, 903 So. 2d 733, 735–36 (Miss. 2005). Citing *Mayfield*, the Fifth Circuit concluded in *Smith v. Petsmart*, 278 F. App'x 377, 380 (5th Cir. 2008), that "Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in premises liability cases." However, since then, in an action against an

5

apartment management company and its former employee, the Mississippi Supreme Court has indicated that a manager, as a person in charge, may have a duty *separate* from that of an owner. *See B & B Mgmt. Co., LLC v. Y.X. ex rel. He Shao*, 245 So. 3d 477, 484 (Miss. 2018) (dismissal of employee defendant was warranted where evidence showed he "was not a 'person in charge' or a manager of the complex who would owe a separate duty" to the plaintiff).[6]

The defendants do not dispute that Harris was the store manager on the date of the accident. In light of *B & B Management*, the Court presumes Harris qualifies as a person in charge of the premises. As the complaint alleges that Harris, as a person in charge, knew of the hazardous condition created by the tool rack and failed to warn of the danger, Gregory has shown a possibility of recovery against Harris such that remand is warranted.[7] Because the presence of one nondiverse defendant destroys complete diversity, the Court need not address whether Spencer was improperly joined.[8]

## IV
## Conclusion

Gregory's motion to remand [7] is **GRANTED**. This case is **REMANDED** to the Circuit Court of Sunflower County.

**SO ORDERED**, this 28th day of October, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Because in an improper joinder analysis, a court "must resolve all uncertainties in the relevant state law in favor of the non-moving party," any uncertainty here is resolved in favor of the conclusion that "under Mississippi law a store manager may qualify as a person in charge of premises." *Smith*, 278 F. App'x at 380 (cleaned up).

[7] The defendants ask the Court to pierce the pleadings and consider Harris' affidavit indicating that he was not present at the store on the day of the accident and was not involved in the accident. Doc. #10 at 2. However, because Gregory asserts that the defendants "knew or should have known of the hazardous condition *before* and at its inception," Doc. #2 at PageID #16, Harris' absence from the store does not necessarily amount to a lack of liability.

[8] Because the complaint is not specific as to which defendants it references as to each claim, it is unclear from the complaint whether Spencer is also alleged to be a person in charge and whether he had any managerial duties as an employee. *See* Doc. #2 at PageID #18.